MEMORANDUM **
Maria Del Rosario Staples, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision holding her removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, we look to whether the IJ had before him clear, cogent and convincing evidence of alien smuggling. Woodby v. INS, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). Our cases must be read consistently with the Supreme Court’s teaching in determining whether evidence is substantial. The test is whether we feel compelled to reverse a finding by the IJ or BIA. INS v. Elias-Zacarias, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the government’s proof that Staples knowingly participated in an attempt to smuggle the illegal alien Carlos Rodriguez-Cadena into the United States included evidence insufficiently authenticated, we grant the petition for review. See 8 U.S.C. § 1182(a)(6)(E)® (smuggler must “knowingly [have] encouraged, induced, assisted, abetted, or aided” another alien’s attempted illegal entry).
The IJ relied on the statements in the Form 1-213 and the Record of Sworn Statement indicating that Rodriguez-Cadena admitted he would pay Staples $1,000.00 after they crossed the border into the United States. However, none of the documents the government submitted in support of the smuggling charge was certified, and the government did not produce any of the documents’ authors to testify or otherwise authenticate them. See Espinoza v. INS, 45 F.3d 308, 309-10 (9th Cir.1995) (stating that immigration forms must “be authenticated through some recognized procedure” and concluding that certification was sufficient).
The IJ also relied on the indirect evidence, which the IJ believed, and concluded that Staples would not give Rodriguez-Cadena a ride across the border without inquiring whether he had documents to enter the United States legally and without an agreement to smuggle him. We need not reach this issue. Because the IJ relied on unauthenticated documents with *728 no witnesses to authenticate them, we vacate the order of removal and the BIA’s decision. See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 683 (9th Cir.2005) (order of deportation vacated and BIA decision overruled where evidence was insufficient to carry government’s burden of proof). We remand to the BIA to remand to the IJ for further proceedings consistent with Espinoza v. INS.
PETITION FOR REVIEW GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.